UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MEGAN KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:23-cv-00071-SEB-KMB |
| | ) | |
| SMPRETTY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, SMPretty, Inc., by counsel, files its Answer and Affirmative Defenses in response to Plaintiff's Complaint, repeating the allegations in the Complaint and responding to those allegations as follows:

COMPLAINT

Plaintiff Megan Kemp, by counsel, brings this action against Defendant SMPretty, Inc. ("SMPretty") for violation of the Indiana Wage Claims Statute, I.C. § 22-2-9-1 et seq., breach of contract, and unjust enrichment. In support her claims, Kemp shows as follows:

1. Kemp is an individual who resides in Washington County, Indiana.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. SMPretty is a Delaware corporation with its primary office at 97 Lincoln Road, Wayland, Massachusetts, 01778.

ANSWER: Defendant admits the allegations in paragraph 2 of the Complaint.

3. SMPretty employed Kemp from approximately October 2018 until November 17, 2022.

ANSWER: Defendant admits the allegations in paragraph 3 of the Complaint.

4. SMPretty separated Kemp from her employment by SMPretty by layoff on November 17, 2022.

ANSWER: Defendant admits the allegations in paragraph 4 of the Complaint.

5. Beginning on or about October 1, 2021, SMPretty employed Kemp in the capacity of Membership Manager.

ANSWER: Defendant admits the allegations in paragraph 5 of the Complaint.

6. For her work as Membership Manager, offered Kemp a salary of $55,000 plus 5% of collected revenue at the end of a calendar year if sales goal achieved:

ANSWER: Defendant admits the allegations in paragraph 6 of the Complaint.

7. On or about February 2, 2022, SMPretty promoted Kemp to be VP of Sales Operations.

ANSWER: Defendant admits the allegations in paragraph 7 of the Complaint.

8. As part of the promotion, SMPretty raised Kemp's salary to $75,000.

ANSWER: Defendant admits the allegations in paragraph 8 of the Complaint.

9. As part of the promotion, SMPretty also added the potential for a bonus based on the company's net profits and the end of the calendar year if Kemp met her sales goals.

ANSWER: Defendant denies the allegations in paragraph 9 of the Complaint.

10. In calendar year 2021, Kemp's department generated approximately $420,000 in revenue.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. In response to this performance, SMPretty paid Kemp approximately $21,000, which is 5% of the collected revenue.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. By paying Kemp the 5% share of collected revenue, SMPretty acknowledged that conceded that Kemp met her sales goal for 2021.

ANSWER: Defendant denies the allegations in paragraph 12 of the Complaint.

13. SMPretty did not establish a sales goal for Kemp in 2022.

ANSWER: Defendant denies the allegations in paragraph 13 of the Complaint.

14. Nevertheless, Kemp's department greatly exceeded its 2021 performance, achieving approximately $656,000 in revenue by the time Kemp was laid off in November 2022.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies the same.

15. Kemp's department showed year-over-year growth of approximately 56% in only 11 months.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the same.

16. SMPretty cannot reasonably say that Kemp failed to achieve her sales goals.

ANSWER: Defendant denies the allegations in paragraph 16 of the Complaint.

17. On or about November 17, 2022, SMPretty presented Kemp with separation paperwork.

ANSWER: Defendant admits the allegations in paragraph 17 of the Complaint.

18. The separation paperwork presented to her included her October 2021 agreement mentioned in Paragraph 6 of this Complaint.

ANSWER: Defendant denies the allegations in paragraph 18 of the Complaint.

19. When Kemp sought clarification from SMPretty's human resources designee, SMPretty's agent confirmed to Kemp that Kemp's promotion letter from February 2022 did not need to be included in the paperwork because the October 2021 paperwork was still controlling:

ANSWER: Defendant denies the allegations in paragraph 19 of the Complaint.

20. SMPretty offered Kemp a severance package in exchange for a release of claims, but Kemp declined.

ANSWER: Defendant admits the allegations in paragraph 20 of the Complaint.

21. SMPretty has not paid Kemp her 5% share of collected revenue after the end of calendar year 2022.

ANSWER: Defendant denies the allegations in paragraph 21 of the Complaint.

22. The 5% share of collected revenue is a wage within the meaning of the Indiana Wage Claims Statute, I.C. §22-2-9-1(b) inasmuch as it is an amount at which Kemp's service was recompensed and it was fixed on a commission basis.

ANSWER: Defendant denies the allegations in paragraph 22 of the Complaint.

23. This matter was referred to Plaintiff's counsel by letter from the Office of the Attorney General dated March 14, 2023, pursuant to Indiana Code § 22-2-9-4.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies the same.

COUNT I – VIOLATION OF THE INDIANA WAGE CLAIMS STATUTE

24. Indiana Code §22-2-9-2(a) requires that whenever an employer separates an employee from its payroll, the unpaid wages or compensation of the employee shall become due and payable at the next regular payday following separation.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

25. Kemp's unpaid compensation became due after the end of the 2022 calendar year.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

26. SMPretty has not paid Kemp her unpaid compensation as of the filing of this matter.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

27. Kemp has been harmed by SMPretty's unlawful conduct.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

28. The Indiana Department of Labor and the Office of the Attorney General have referred this claim to Kemp's attorney Jason Ramsland to pursue this matter as the Attorney General's designee.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

29. Indiana Code §22-2-9-4(b) incorporates the remedy provisions of I.C. §22-2-5-2 as the remedy for a wage claim.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

30. Indiana Code §22-2-5-2 provides for the recovery of Kemp's wages, her costs and attorney's fees, and liquidated damages of two times the wages due to her.

ANSWER: See Defendant's Partial Motion to Dismiss seeking dismissal of Count I of Plaintiff's Complaint filed simultaneously with this pleading.

COUNT II – BREACH OF CONTRACT

31. The parties agreed that SMPretty would pay Kemp 5% of collected revenue.

ANSWER: Defendant denies the allegations in paragraph 31 of the Complaint.

32. Kemp satisified the conditions precedent to payment of 5% of collected revenue.

ANSWER: Defendant denies the allegations in paragraph 32 of the Complaint.

33. SMPretty has breached its agreement with Kemp by failing to pay her 5% of collected revenue.

ANSWER: Defendant denies the allegations in paragraph 33 of the Complaint.

34. SMPretty also agreed to pay Kemp a bonus based on net profits at the end of calendar year 2022 if she met her sales goals.

ANSWER: Defendant denies the allegations in paragraph 34 of the Complaint.

35. Kemp either exceeded her sales goals, or did not have sales goals established by SMPretty.

ANSWER: Defendant denies the allegations in paragraph 35 of the Complaint.

36. Upon information or belief, SMPretty experienced a net profit.

ANSWER: Defendant denies the allegations in paragraph 36 of the Complaint.

37. SMPretty has breached its agreement with Kemp by failing to pay her a bonus based on net profits.

ANSWER: Defendant denies the allegations in paragraph 37 of the Complaint.

COUNT III – UNJUST ENRICHMENT

38. Kemp conferred a benefit upon SMPretty inasmuch as she performed her employment duties.

ANSWER: Defendant denies the allegations in paragraph 38 of the Complaint.

39. Kemp's performance was at the express request of SMPretty.

ANSWER: Defendant denies the allegations in paragraph 39 of the Complaint.

40. Allowing SMPretty to keep the benefit of the entirety of the revenue Kemp generated for SMPretty would be unjust.

ANSWER: Defendant denies the allegations in paragraph 40 of the Complaint.

41. Kemp expected payment from SMPretty, including 5% of collected revenue.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 41 of the Complaint and therefore denies the same.

42. Kemp expected payment from SMPretty, including a bonus based on SMPretty's net profit.

ANSWER: Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 42 of the Complaint and therefore denies the same.

43. Kemp has been harmed by SMPretty's unjust behavior.

ANSWER: Defendant denies the allegations in paragraph 43 of the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

Subject to reasonable opportunity for further investigation and discovery, Defendant alleges the following additional defenses:

1. With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent they were not presented within the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies or otherwise satisfy all prerequisites prior to filing such claims in the Complaint.

4. Plaintiff's claim for damages may be barred in whole or in part by the doctrine of after-acquired evidence.

5. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

6. Defendant denies every allegation whether express or implied, that is not unequivocally and specifically admitted in the Answer.

7. Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant requests that Plaintiff take nothing by way of this action and that this Court enter judgment in its favor and against Plaintiff on all claims. Defendant further requests all other appropriate relief, including costs and attorneys' fees.

Respectfully submitted,

/s/ Michael W. Padgett

Michael W. Padgett
Jackson Lewis P.C.
211 North Pennsylvania Street, Suite 1700
Indianapolis, Indiana 46204
Tel: (317) 489-6930
Fax: (317) 489-6931
E-mail: michael.padgett@jacksonlewis.com
Attorney for Defendant,
SMPretty, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 5, 2023, I filed the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial* electronically with the Clerk of the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jason R. Ramsland
Ramsland Law
880 Monon Green Boulevard, Suite 101.51
Carmel, Indiana 46032
jason@rams.land

/s/ Michael W. Padgett
Michael W. Padgett

4863-9529-5586, v. 1